IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| KHALID MAHAMMEND, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. GLR-23-814 |
| MAYOR OF BALTIMORE CITY, et al., | * | |
| | * | |
| Defendants. | | |

\*\*\*

## MEMORANDUM OPINION

On May 11, 2023, this Court directed counsel for the Department of Public Safety and Correctional Services to provide Plaintiff Khalid Mahammend with copies of the medical records and reports generated related to his gunshot wound and subsequent care to assist Mahammend in filing a second amended complaint. (ECF No. 8). Following counsel's failure to file a status report indicating that Mahammend had been provided with these documents, the Court issued an order for counsel to show cause why they should not be held in contempt for their failure to comply. (ECF No. 9).

Counsel filed a response on August 15, 2023, stating that due to a miscommunication with Maryland Correctional Institution – Jessup, where Mahammend was incarcerated at the time, the documents were not provided to Mahammend until August 4, 2023. (ECF No. 10). Mahammend's second amended complaint was due twenty-eight days thereafter. (See ECF No. 8). The Court received Mahammend's Second Amended Complaint on September 8, 2023. (ECF No. 12). Having reviewed the filing and attached records, the Court finds that the Second Amended Complaint must be dismissed.

Mahammend was instructed that in order to state a claim for deliberate indifference, his second amended complaint must name as defendants the individuals responsible for the alleged misconduct, identify the dates and locations of the relevant events, and state all the facts which support his claim such as the severity of his medical needs and how each defendant acted or failed to act which resulted in inadequate medical care. (See May 11, 2023 Order at 2, 4, ECF No. 8).

The Second Amended Complaint states that Mahammend was taken to "shock trauma" in November 2016 after he suffered a gunshot wound to the chest. (2d Am. Compl. at 2, ECF No. 12). After he was initially treated, Mahammend alleges that a Baltimore City Police officer arrested him for second degree assault. Id. After his arrest, he was visited by a Commissioner who "gave [him] a bail." Id. However, according to Mahammend, he was stripped of all privileges and the correctional officers never allowed him to walk causing his doctor to contact the warden about his mistreatment. Id. Mahammend was then forcefully discharged from the hospital by the correctional officers against the doctor's warning that he needed to finish treatment which required a chest tube. Id. He was moved to Metropolitan Transition Center on November 15, 2016. Id. By December 3, 2016, Mahammend was taken back to a hospital emergency room. Id. at 2–3. Mahammend states that his left lung collapsed, requiring surgery. Id. at 3. He also notes that the charges against him were dropped that same day. Id.

Mahammend once again fails to identify anyone who he alleges is responsible for the stated misconduct nor does he adequately attribute any of the alleged wrongdoing to the named defendants. Moreover, he fails to state any facts to support a municipal liability

claim against either the Mayor of Baltimore City or the Baltimore Police Department as directed by the Court in the May 11, 2023 Order. (May 11, 2023 Order at 2). Mahammend therefore fails to correct the deficiencies noted and, as such, has failed to comply with the May 11, 2023 Order. Accordingly, Mahammend's Second Amended Complaint will be dismissed without prejudice.

Even if Mahammend had adequately amended the complaint to identify proper defendants, his claims are untimely. "[I]n evaluating a complaint filed in forma pauperis pursuant to § 1915, a district court may consider a statute of limitations defense sua sponte when the face of the complaint plainly reveals the existence of such defense." Eriline Co. S.A. v. Johnson, 440 F.3d 648, 656 (4th Cir. 2006).

"Section 1983 provides a federal cause of action, but in several respects relevant here, federal law looks to the law of the State in which the cause of action arose. This is so for the length of the statute of limitations: it is that which the State provides for personal-injury torts." Wallace v. Kato, 549 U.S. 384, 387 (2007) (citing Owens v. Okure, 488 U.S. 235, 249–50 (1989)). In Maryland, the applicable statute of limitations is three years from the date of the occurrence. See Md. Code Ann., Cts & Jud. Proc. Code § 5-101.

The question of when a cause of action has accrued under § 1983 is a federal question. See Nassim v. Md. House of Correction, 64 F.3d 951, 955 (4th Cir. 1995) (en banc). The date of accrual occurs "when the plaintiff possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action." Id. Under the prison mailbox rule, an action under § 1983 is commenced for the purpose of meeting the statute of limitations when the complaint is delivered to prison staff for mailing and is no

longer under the plaintiff's dominion and control. See Houston v. Lack, 487 U.S. 266, 276 (1988); Lewis v. Richmond City Police Dept., 947 F.2d 733 (4th Cir. 1991).

Here, Mahammend alleges that his medical treatment was interfered with in November and December 2016, almost seven years ago. Therefore the statute of limitations period ended in December 2019. While the body of the original Complaint is not dated, the envelope is date-stamped March 20, 2023. (See Envelope at 1, ECF No. 1-1). As such, Mahammend initiated this case more than three years after the end of the limitations period.

Mahammend seems to acknowledge his delay in filing this case, stating that he has "three years from the date [he] became aware of the incident to file a claim under § 1983" and asserting that he is "just now becoming aware of the incident." (2d Am Compl. at 1). The three-year statute of limitations may be tolled for equitable reasons, but only in "those rare instances where, due to circumstances external to the party's own conduct, it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc) (citing Harris v. Hutcherson, 209 F.3d 325, 330 (4th Cir. 2000)). Equitable tolling is unavailable to a plaintiff who has not been diligent in protecting their rights; rather, the plaintiff must establish that they have been prevented from asserting those rights. See Am. Pipe & Const. Co. v. Utah, 414 U.S. 538, 555 (1974). Under Maryland law, the statute of limitations is strictly construed. "Absent legislative creation of an exception to the statute of limitations, we will not allow any 'implied and equitable exception to be engrafted upon it.'" Hecht v. Resolution Trust Corp., 333 Md. 324, 333 (1994) (quoting Booth Glass Co. v. Huntingfield Corp., 304 Md. 615, 623 (1985)).

Mahammend makes no showing that he was prevented from asserting his rights within the limitations period. Nor does he establish any circumstances that would explain how he was not aware of the claim when he was improperly discharged from the hospital in 2016. Rather, it seems Mahammend recently became aware of his ability to file a civil rights action pursuant to 42 U.S.C. § 1983. Mahammend's ignorance of the law, however, is insufficient to entitle him to equitable tolling of the statute of limitations. Ott v. Md. Dep't of Pub. Safety & Corr. Servs., 909 F.3d 655, 661 (4th Cir. 2018) ("Ignorance of the law does not justify tolling, even when a party does not have legal representation.") (citing United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004)).

Thus, for the foregoing reasons, the Second Amended Complaint will be dismissed and this case closed.  A separate Order follows.

Entered this 12th day of October, 2023.

                                                                /s/
                                          George L. Russell, III
                                          United States District Judge